# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROSE NEW**                                                                **PLAINTIFF**

**vs.**                                  **CIVIL ACTION NO. 4:13-cv-0013-SA-SAA**

**COMMISSIONER OF SSA**                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Rose New for period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and Supplemental Security Income (SSI). Docket 1. The plaintiff also filed a motion to proceed In Forma Pauperis which was denied on June 14, 2013. Process has never been issued in this case. On August 5, 2013, the Clerk's office entered a Notice of incomplete process. Docket 8. The plaintiff has taken no action in this case since paying the filing fee in May 2013. The defendant, the Commissioner of Social Security, has never been served process in this action. The parties have not consented to have a magistrate judge conduct all the proceedings in this case, and the undersigned submits this report and recommendation to United States District Judge Sharion Aycock.

## I. FACTS

The facts in this case are simple and few. The complaint, consisting of two pages with three numbered paragraphs, a one sentence introduction and a one sentence closing, was filed on January 18, 2013. Docket 1. There is an attached one page civil cover sheet. *Id.* On the same day the plaintiff also filed a three-page motion to proceed IFP. Docket 2. On January 30, 2013,

the undersigned entered an order requiring additional information in order to make a determination regarding plaintiff's IFP status. Docket 3. Plaintiff's attorney contracted influenza and encountered other problems and did not provide the requested information until after the undersigned issued a Report and Recommendation recommending the motion to proceed IFP be denied. Docket 4 & 5. Thereafter the plaintiff filed the requisite filing fee and ultimately District Judge Aycock entered an order adopting the R&R and denying the motion for IFP. Docket 7. No further action was taken in this case until the Clerk's Office entered a Notice of Incomplete Process on August 5, 2013. Docket 8. Plaintiff has taken no action since May 2013 and has never served process to defendant in this case.

## LEGAL ANALYSIS

The authority of a federal court to dismiss a plaintiff's action because of her failure to prosecute is clear. *See Link v. Wabash R. Co.,* 370 U.S. 626, 629–30 (1962). *See also Woods v. Social Sec. Admin.,* 2008 WL 2165095, at *1 (S.D.Miss. May 21, 2008). *Lopez v. Arkansas County Independent School District,* 570 F.2d 541, 544 (5th.1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss any action based on a failure of the plaintiff to prosecute or comply with any order of the court. *Larson v. Scott,* 157 F.3d 1030, 1032 (5th Cir.1998). A Rule 41(b) dismissal is an adjudication on the merits. *Edwards v. City of Houston,* 78 F.3d 983, 994 (5th Cir.1996). Due to the finality of this action, the dismissal for want of prosecution should be used sparingly. *See Ramsay v. Bailey,* 531 F.2d 706, 707–08 (5th Cir1976), *cert. denied,* 429 U.S. 1107 (1977).

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. *Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir.1989). In this case,

there has been no action to issue process or cause the case to begin. No reason has been given in response to the Clerk's Notice for this failure. Seemingly no real effort has been made to pursue plaintiff's appeal of the Commissioner's decision, and is impossible to tell from the docket when the administrative decision was made, when it became final, or whether plaintiff followed all necessary procedural steps required for appeal. Failure to move this case forward lies with both plaintiff and her counsel. Although an attorney must cause process to be issued from the court, the plaintiff may not stand idly by and do nothing at all regarding her claims.

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp,* 758 F.2d 1018 (5th Cir.1985); *Rogers v. Kroger, Co.* 669 F.2d 317 (5th Cir.1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc.,* 84 F.3d 170,171 (5th Cir.1996). In this case, there is a pattern of delay and failure to attend to procedure and follow through with proper filing.

Based on the foregoing, the undersigned is of the opinion that plaintiff has failed in her prosecution of this matter and has failed to move forward in the prosecution of this action; this failure is indicative of a lack of interest in pursuing this case, and it delays the expeditious resolution of other civil cases. Accordingly, the undersigned recommends that this case be dismissed without prejudice for the plaintiff's failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

In accordance with the rules of this court, any party within fourteen days after being

served a copy of this recommendation, may serve and file written objection to the recommendations, with a copy to the U. S. District Judge, the U.S. Magistrate Judge and the opposing party via the court's electronic filing and case management system. Judge Aycock at that time may accept, reject or modify in whole or in part, this recommendation or may receive further evidence or recommit the matter to the undersigned with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal-unobjected to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Automobile Association,* 79 F.3d 1425 (5th Cir.1996).

**SO ORDERED**, this, the 23rd day of October, 2013.

                                          /s/ S. Allan Alexander
                                  UNITED STATES MAGISTRATE JUDGE